```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


KENNETH DVORAK,                        )
                                       )
              Plaintiff,               )
                                       )   CIVIL ACTION
v.                                     )
                                       )   No. 08-2252-JWL–JTR
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
              Defendant.               )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff filed a complaint on June 2, 2008 seeking review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Before answering the complaint, the Commissioner filed a Motion to Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g), along with a memorandum in support thereof. (Docs. 4, 5). Plaintiff has not responded, and the Commissioner's motion is now ripe.

In his complaint, plaintiff alleged that the Appeals Council denied his request for review on June 28, 2007 and, therefore, the ALJ's decision became the Commissioner's final decision. (Doc. 1, p.2). Plaintiff alleged that he received the final

decision of the Commissioner "on or about June 28, 2007," and that he commenced this action within sixty days of receipt of the final decision. (Doc. 1, p.2). However, the complaint was filed on Jun. 2, 2008, more that eleven months after Jun. 28, 2007, the date plaintiff alleged the ALJ's decision became the Commissioner's final decision.

These facts raise the question whether the complaint was timely filed, and trigger the court's duty to sua sponte determine whether it has jurisdiction over this matter. Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986). The sole basis for federal court jurisdiction over decisions of the Commissioner arises from 42 U.S.C. § 405(g). Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir. 1998) (citing Reed v. Heckler, 756 F.2d 779, 782 (10th Cir. 1985). As explained in Reed, 42 U.S.C. § 405(h) bars federal question jurisdiction in suits challenging denial of claimed Social Security benefits. Reed, 756 F.2d at 782 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)). Therefore, 42 U.S.C. § 405(g) provides the only means of judicial review of such claims. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). In 1977, the Supreme Court held that not even the Administrative Procedures Act provides an implied grant of subject-matter jurisdiction for review of the actions of the Social Security Administration. Califano v. Sanders, 430 U.S. 99, 107 (1977).

Section 405(g) expresses three requirements for judicial review of the Commissioner's decisions:  (1) a final decision of the Commissioner made after a hearing; (2) a civil action commenced within 60 days after the mailing of notice of such decision; and (3) filing the action in an appropriate district court.  Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975).  The Supreme Court has addressed these requirements and specifically held that the sixty-day period for commencing an action is not jurisdictional, but is a limitations period which may be waived by the Commissioner.  Bowen v. City of New York, 476 U.S. 467, 478 & n.10 (1986)(citing Mathews v. Eldridge, 424 U.S. 319, 328, n.9 (1976); and Salfi, 422 U.S., at 764; and noting that, had requirements (2) and (3) been jurisdictional, the Eldridge and Salfi courts could not have declined to consider whether the requirements had been met).

The sixty day limitations period is waivable by the Commissioner, and the Commissioner has not raised the limitations period as a defense.  Therefore, the court concludes that the district court has jurisdiction in this matter pursuant to 42 U.S.C. § 405(g), and proceeds to address the Commissioner's motion for remand.

The sixth sentence of § 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand

>     the case to the Commissioner of Social Security for
>     further action by the Commissioner of Social Security.

42 U.S.C. § 405(g).

In his briefing, the Commissioner asserts that he is "unable to locate the administrative claim file for Plaintiff's case," and "therefore, requests that the Court remand this case pursuant to Sentence Six of 42 U.S.C. § 405(g)."  (Doc. 5)(Pl. Mem. 1). The Commissioner notes that U.S. House of Representative records indicate congressional intent that procedural defects such as a lost administrative record would constitute "good cause" justifying remand pursuant to sentence six.  (Pl. Mem. 1-2)(quoting H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Having considered the Commissioner's motion and memorandum, having reviewed the file in this case, and noting that plaintiff has not responded to the Commissioner's motion, the court finds that the lost administrative record in this case constitutes good cause justifying remand pursuant to sentence six of 42 U.S.C. § 405(g).

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion (Doc. 4) be GRANTED and the case be remanded for further administrative proceedings as necessary to determine whether plaintiff is disabled within the meaning of the Social Security Act.  Although this case may be administratively terminated in accordance with local policy, pursuant to sentence six of § 405(g), the court retains jurisdiction over the matter and

judgment should not be entered.  <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 99-100 & n.2 (1991); <u>see also</u>, D. Kan. Rule 83.7.2 (2008)(procedure to be followed after a sentence six remand).

    Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

    Dated this 22nd day of August 2008, at Wichita, Kansas.

                                        s/John Thomas Reid
                                        **JOHN THOMAS REID**
                                        **United States Magistrate Judge**